TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice
THOMAS W. PORTS, JR.
MICHAEL ROBERTSON
150 M St. NE
Washington, D.C. 20002
Tel: (202) 305-0492
Fax: (202) 305-0506
thomas.ports.jr@usdoj.gov
michael.robertson@usdoj.gov

Counsel for the United States of America

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STATE OF ALASKA,<br><br>  Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>  Defendant. | CASE NO. 3:22-cv-00103-SLG<br><br>**ANSWER AND AFFIRMATIVE DEFENSES** |

Pursuant to Federal Rule of Civil Procedure 8, the United States of America, by its undersigned counsel, submits the following Answer and Affirmative Defenses to the claims and allegations set forth in the Complaint (ECF No. 1) filed by the State of Alaska.

**RESPONSES TO COMPLAINT ALLEGATIONS**

The paragraph numbers and headings in this Answer correspond to the paragraph numbers and headings in Plaintiff's Complaint. The United States does not specifically respond to any section headings included in the Complaint, but to the extent those headings expressly or implicitly include substantive legal or factual allegations, the United States denies those allegations.

*State of Alaska v. United States of America*
Case No. 3:22-cv-00103-SLG    1
Case 3:22-cv-00103-SLG    Document 11    Filed 08/04/22    Page 1 of 12

## INTRODUCTION

1. The allegations in Paragraph 1 constitute Plaintiff's characterization of its case to which no response is required.

2. The allegations in Paragraph 2 are legal conclusions to which no response is required. To the extent Paragraph 2 alleges any facts, those allegations are vague and ambiguous such that the United States lacks sufficient knowledge or information to form a belief as to their truth and on that basis denies those allegations.

3. The allegations in the first sentence of Paragraph 3 characterize Plaintiff's reason for bringing suit; the United States lacks sufficient knowledge or information to form a belief as to the truth of those allegations and on that basis denies them. The allegations in the second sentence of Paragraph 3 are legal conclusions to which no response is required. To the extent Paragraph 3 alleges any facts about an undefined "claim," those allegations are vague and ambiguous such that the United States lacks sufficient knowledge or information to form a belief as to their truth and on that basis denies those allegations. The United States admits that the State of Alaska owns all Subject Submerged Lands within the townships conveyed to the State by the United States, specifically T. 7 N., R. 29 W., Seward Meridian (S.M.); T. 6 N., R. 30 W., S.M.; T. 5 N., R. 30 W., S.M.; T. 5 N., R. 31 W., S.M.; T. 6 N., R. 31 W., S.M.; T. 6 N., R. 32 W., S.M.

## JURISDICTION AND VENUE

4. The allegations in Paragraph 4 characterize Plaintiff's Complaint, which speaks for itself and is the best evidence of its contents, and purports to characterize the Quiet Title Act, 28 U.S.C. § 2409a, which speaks for itself and is the best evidence of its contents. To the extent a response is required, the United States denies any allegation inconsistent with the Quiet Title Act.

*State of Alaska v. United States of America*
Case No. 3:22-cv-00103-SLG 2
Case 3:22-cv-00103-SLG   Document 11   Filed 08/04/22   Page 2 of 12

5.       The allegations in Paragraph 5 are legal conclusions to which no response is required. To the extent Paragraph 5 alleges any facts about undefined "disputes" or "claims," those allegations are vague and ambiguous such that the United States lacks sufficient knowledge or information to form a belief as to their truth and on that basis denies those allegations. The United States admits that the State of Alaska owns all Subject Submerged Lands within the townships conveyed to the State by the United States, specifically T. 7 N., R. 29 W., S.M.; T. 6 N., R. 30 W., S.M.; T. 5 N., R. 30 W., S.M.; T. 5 N., R. 31 W., S.M.; T. 6 N., R. 31 W., S.M.; T. 6 N., R. 32 W., S.M.

6.       The allegations in the first sentence of Paragraph 6 are legal conclusions to which no response is required. The United States admits the remaining allegations in Paragraph 6.

7.       The allegations in Paragraph 7 are legal conclusions to which no response is required. To the extent a response is required, the United States admits that Plaintiff State of Alaska is a state and admits that actions brought by states are not subject to the statute of limitations provided in 28 U.S.C. § 2409a(g), instead § 2409a(i) applies to actions brought by states with respect to lands "other than tide or submerged lands." The United States avers that there are no "tide or submerged lands," as defined by the Quiet Title Act and the Submerged Lands Act, within T. 7 N., R. 29 W., S.M.; T. 6 N., R. 30 W., S.M.; T. 5 N., R. 30 W., S.M. *See* 28 U.S.C. § 2409a(l) ("For purposes of this section, the term 'tide or submerged lands' means 'lands beneath navigable waters' as defined in section 2 of the Submerged Lands Act (43 U.S.C. 1301)"); 43 U.S.C. § 1301(f) ("The term 'lands beneath navigable waters' does not include the beds of streams in lands now or heretofore constituting a part of the public lands of the United States if such streams were not meandered in connection with the public survey of such lands under the laws of the United States and if the title to the beds of such streams was lawfully

*State of Alaska v. United States of America*
Case No. 3:22-cv-00103-SLG            3
Case 3:22-cv-00103-SLG   Document 11   Filed 08/04/22   Page 3 of 12

patented or conveyed by the United States or any State to any person)"); *see also* 43 U.S.C. § 1301(h) ("The term 'person' includes . . . a State"). Within T. 7 N., R. 29 W., S.M.; T. 6 N., R. 30 W., S.M.; T. 5 N., R. 30 W., S.M., the Chilikadtrotna was a part of the public lands of the United States and was not meandered in connection with the public survey of those lands. Title to the bed of the Chilikadrotna within T. 7 N., R. 29 W., S.M.; T. 6 N., R. 30 W., S.M.; T. 5 N., R. 30 W., S.M. was lawfully patented by the United States to the State of Alaska on October 15, 2007.

8. The allegations in Paragraph 8 are legal conclusions to which no response is required.

9. The allegations in Paragraph 9 contain legal conclusions to which no response is required. The United States admits the lands identified by Plaintiff in the complaint are located within the District of Alaska.

10. The allegations in Paragraph 10 are legal conclusions to which no response is required. To the extent Paragraph 10 alleges any facts about undefined "controversy," those allegations are vague and ambiguous such that the United States lacks sufficient knowledge or information to form a belief as to their truth and on that basis denies those allegations. The United States admits that the State of Alaska owns all Subject Submerged Lands within the townships conveyed to the State by the United States, specifically T. 7 N., R. 29 W., S.M.; T. 6 N., R. 30 W., S.M.; T. 5 N., R. 30 W., S.M.; T. 5 N., R. 31 W., S.M.; T. 6 N., R. 31 W., S.M.; T. 6 N., R. 32 W., S.M.

**PARTIES**

11. The allegations in the first sentence of Paragraph 11 are legal conclusions to which no response is required. To the extent a response is required, the United States admits the State of Alaska is a sovereign state but the remaining allegations in the first sentence of

*State of Alaska v. United States of America*
Case No. 3:22-cv-00103-SLG 4
Case 3:22-cv-00103-SLG Document 11 Filed 08/04/22 Page 4 of 12

Paragraph 11 are vague and ambiguous such that the United States lacks sufficient knowledge or information to form a belief as to their truth and on that basis denies the remaining allegations. The allegations in the second sentence of Paragraph 11 characterize Plaintiff's reasons for bringing suit about which the United States lacks sufficient knowledge or information to form a belief as to their truth and on that basis denies those allegations.

12. The United States admits that it is a sovereign nation. The remaining allegations in Paragraph 12 are vague and ambiguous such that the United States lacks sufficient knowledge or information to form a belief as to their truth and on that basis denies the remaining allegations.

## DESCRIPTION OF THE SUBJECT WATERS AND SUBMERGED LANDS

13. The United States admits the first three sentences of Paragraph 13. The fourth sentence of Paragraph 13 characterizes Plaintiff's Complaint and the relief Plaintiff seeks. Accordingly, no response is required.

14. The United States admits the first and second sentence of Paragraph 14. The third and fourth sentences of Paragraph 14 characterize Plaintiff's Complaint and the relief Plaintiff seeks. Accordingly, no response is required.

15. The United States admits the first through fourth sentences of Paragraph 15. The fifth sentence of Paragraph 15 characterizes Plaintiff's Complaint and the relief Plaintiff seeks. Accordingly, no response is required.

16. The United States admits the allegations in the first clause of the first sentence of Paragraph 16. The allegations in the second clause of the first sentence of Paragraph 16 and in the second sentence of Paragraph 16 are contradicted by certain sources, including sources that state the Mulchatna River is approximately 160 miles in length, and are otherwise vague and ambiguous such that the United States lacks sufficient knowledge and information to form a belief as to their truth; on those bases, the United States denies the allegations. The third sentence

*State of Alaska v. United States of America*
Case No. 3:22-cv-00103-SLG  5
Case 3:22-cv-00103-SLG   Document 11   Filed 08/04/22   Page 5 of 12

of Paragraph 16 characterizes Plaintiff's Complaint and the relief Plaintiff seeks. Accordingly, no response is required.

17. The allegations in Paragraph 17 are legal conclusions to which no response is required and are further internally inconsistent. To the extent Paragraph 17 alleges any facts, those allegations are vague and ambiguous such that the United States lacks sufficient knowledge or information to form a belief as to their truth and on that basis denies those allegations.

### THE STATE'S TITLE TO THE SUBJECT SUBMERGED LANDS

18. The allegations in Paragraph 18 are legal conclusions to which no response is required and purport to characterize the Equal Footing Doctrine. The United States denies any allegation inconsistent with the Equal Footing Doctrine.

19. The allegations in Paragraph 19 are legal conclusions to which no response is required and purport to characterize the Submerged Lands Act of 1953 and the Alaska Statehood Act. The United States denies any allegation inconsistent with the Submerged Lands Act of 1953 and/or the Alaska Statehood Act.

20. The allegations in Paragraph 20 are legal conclusions to which no response is required. To the extent Paragraph 20 alleges any facts, those allegations are vague and ambiguous such that the United States lacks sufficient knowledge or information to form a belief as to their truth and on that basis denies those allegations.

21. The allegations in Paragraph 21 are legal conclusions to which no response is required.

22. The allegations in Paragraph 22 are legal conclusions to which no response is required. To the extent Paragraph 22 alleges any facts, those allegations are vague and ambiguous such that the United States lacks sufficient knowledge or information to form a belief

*State of Alaska v. United States of America*
Case No. 3:22-cv-00103-SLG  6
Case 3:22-cv-00103-SLG   Document 11   Filed 08/04/22   Page 6 of 12

as to their truth and on that basis denies those allegations.

**UNITED STATES' DETERMINATIONS OF NON-NAVIBABILITY OF SUBJECT WATERS AND OWNERSHIP OF THE SUBJECT SUBMERGED LANDS**

23. The allegations in the first sentence of Paragraph 23 contain legal conclusions to which no response is required. Regarding the factual allegations in the first sentence of Pargraph 23, the United States acknowledges that the State of Alaska owns all Subject Submerged Lands within the townships conveyed to the State by the United States, specifically T. 7 N., R. 29 W., S.M.; T. 6 N., R. 30 W., S.M.; T. 5 N., R. 30 W., S.M.; T. 5 N., R. 31 W., S.M.; T. 6 N., R. 31 W., S.M.; T. 6 N., R. 32 W., S.M., and accordingly denies the allegation to the contrary; the United States admits that neither the United States nor the BLM has ever acknowledged the ownership of any other Subject Submerged Lands that Plaintiff claims in this lawsuit. The allegations in the second sentence of Paragraph 23 consist of legal conclusions to which no response is required. To the extent the second sentence of Paragraph 23 alleges any facts regarding undefined "claim[s]," the United States admits it determined certain waters in townships conveyed to the State of Alaska were non-navigable (Alaska now owns those submerged lands), and any remaining allegations are vague and ambiguous such that the United States lacks sufficient knowledge or information to form a belief as to their truth and on that basis denies those allegations.

24. The United States admits that a subordinate office within the Alaska State Office of the Bureau of Land Management (BLM) created a document dated October 18, 1983 that contained or referred to statements regarding portions of the Chilikadrotna and Mulchatna Rivers and Turquoise and Twin Lakes. To the extent the allegations of Paragraph 24 purport to characterize that document, the document speaks for itself and is the best evidence of its contents. The United States denies any allegations inconsistent with the document.

*State of Alaska v. United States of America*
Case No. 3:22-cv-00103-SLG    7
Case 3:22-cv-00103-SLG   Document 11   Filed 08/04/22   Page 7 of 12

25. The allegations in Paragraph 25 are legal conclusions to which no response is required. To the extent Paragraph 25's reference to "this erroneous BLM decision" is referring to the document identified in Paragraph 24, the United States reiterates that the document speaks for itself, is the best evidence of its contents, and denies any allegation inconsistent with the document. To the extent Paragraph 25 contains any other factual allegations, those allegations are vague and ambiguous such that the United States cannot form a belief as to their truth and on that basis denies them.

**NAVIGABILITY OF THE SUBJECT SUBMERGED LANDS**

26. The allegations in Paragraph 26 are legal conclusions to which no response is required. To the extent paragraph 26 alleges any facts, those allegations are vague and ambiguous such that the United States lacks sufficient knowledge or information to form a belief as to their truth and on that basis denies those allegations.

27. The United States admits that federal employees have boated on certain portions of the Chilikadrotna and Mulchatna Rivers and Turquoise and Twin Lakes as alleged in Paragraph 27. The United States lacks sufficient knowledge or information to form a belief as to the truth of the allegation that state employees have boated on certain portions of the Chilikadrotna and Mulchatna Rivers and Turquoise and Twin Lakes as alleged in Paragraph 27 and on that basis denies those allegations.

28. The United States lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 28 and on that basis denies those allegations.

29. The United States lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29 and on that basis denies those allegations.

30. The United States admits the allegations in Paragraph 30 as far as those allegations cover portions of Turquoise Lake and the Mulchatna River. The allegations are too

*State of Alaska v. United States of America*
Case No. 3:22-cv-00103-SLG 8
Case 3:22-cv-00103-SLG   Document 11   Filed 08/04/22   Page 8 of 12

vague and ambiguous with regard to which portions for the United States to form a belief as to their truth and to that extent the United States denies the allegations.

31. The United States admits the allegations in Paragraph 31 as far as those allegations cover portions of Twin Lakes and the Chilikadrotna River. The allegations are too vague and ambiguous with regard to which portions for the United States to form a belief as to their truth and to that extent the United States denies the allegations.

32. The United States admits the allegations in Paragraph 32 as far as those allegations cover portions of Twin Lakes and the Chilikadrotna River. The allegations are too vague and ambiguous with regard to which portions for the United States to form a belief as to their truth and to that extent the United States denies the allegations.

33. The United States denies the allegations in Paragraph 33.

34. The United States admits the allegations in Paragraph 34.

35. The United States admits the allegations in Paragraph 35.

36. The allegations in Paragraph 36 contain legal conclusions to which no response is required. The allegations in Paragraph 36 are vague and ambiguous such that the United States lacks sufficient knowledge or information to form a belief as to the truth of those allegations and on that basis denies them.

## CLAIM FOR RELIEF

**(Quiet Title for the State against United States)**

37. The allegations in Paragraph 37 are legal conclusions to which no response is required and purport to characterize 28 U.S.C. § 2409a. The United States denies any allegation inconsistent with that statute.

38. The allegations in Paragraph 38 are legal conclusions to which no response is required. To the extent Paragraph 38 alleges any facts, those allegations are vague and

*State of Alaska v. United States of America*
Case No. 3:22-cv-00103-SLG      9
Case 3:22-cv-00103-SLG   Document 11   Filed 08/04/22   Page 9 of 12

ambiguous such that the United States lacks sufficient knowledge or information to form a belief as to their truth and on that basis denies those allegations.

39. The United States denies the allegations in Paragraph 39.

40. The United States denies any factual allegations of the Complaint, whether expressed or implied, that are not expressly admitted, denied or qualified herein.

## PRAYER FOR RELIEF

The remainder of the allegations in the Complaint constitute Plaintiffs' request for relief to which no response is required. To the extent a further response is required, the United States denies that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

WHEREFORE, the defendant United States prays that the Court deny in all respects plaintiff's prayers for relief, dismiss the Complaint, enter judgment for the United States, and grant The United States such other relief as may be appropriate.

## AFFIRMATIVE DEFENSES

1. The Court lacks subject matter jurisdiction over Plaintiff's claims under applicable law.

2. Plaintiff's claims are barred by the statute of limitations under applicable law.

3. Plaintiff's claims may be barred by the doctrine of *res judiciata*.

Dated: August 4, 2022

Respectfully Submitted,

*/s/ Thomas W. Ports, Jr.*
Thomas W. Ports, Jr.
Michael Robertson
Trial Attorneys
150 M St. NE
Washington, D.C. 20002
Tel: (202) 305-0492

*State of Alaska v. United States of America*
Case No. 3:22-cv-00103-SLG     10
Case 3:22-cv-00103-SLG    Document 11    Filed 08/04/22    Page 10 of 12

Fax: (202) 305-0506
thomas.ports.jr@usdoj.gov
michael.robertson@usdoj.gov

*Counsel for the United States*

*State of Alaska v. United States of America*
Case No. 3:22-cv-00103-SLG 11
Case 3:22-cv-00103-SLG   Document 11   Filed 08/04/22   Page 11 of 12

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on this 4th day of August, 2022 a copy of the foregoing was served electronically via the court's ECF system on Ronald W. Opsahl, attorney for the State of Alaska.

                        */s/ Thomas W. Ports, Jr.*
                        Thomas W. Ports, Jr.

*State of Alaska v. United States of America*
Case No. 3:22-cv-00103-SLG       12
Case 3:22-cv-00103-SLG    Document 11    Filed 08/04/22    Page 12 of 12