# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

STATE OF ALASKA,

        Plaintiff,

    v.

UNITED STATES OF AMERICA,

        Defendant.

Case No. 3:22-cv-00103-SLG

## REQUEST FOR SUPPLEMENTAL BRIEFING

Currently pending before the Court at Docket 20 is Defendant United States of America's *Partial Motion to Dismiss*. The United States brought its motion pursuant to Federal Rule of Civil Procedure 12(b)(1), contending that the Court lacks subject matter jurisdiction over the State's claims as to certain lands (referred to by the parties as the "Undisputed Lands") because (1) the United States has not waived the Quiet Title Act's ("QTA") limited waiver of sovereign immunity and (2) the QTA's 12-year statute of limitations has run.[1] In its reply, the United States reaffirmed its view that dismissal is required because "the statute of limitations has run."[2]

At the time the parties briefed this motion, Ninth Circuit precedent treated a claimant's alleged failure to bring a QTA claim within the applicable statute of

---

[1] Docket 20 at 2–4, 21–23.

[2] Docket 25 at 5.

limitations period as a jurisdictional issue.³ However, in a recent case decided after the parties submitted their briefing on the pending motion, the Supreme Court determined that 28 U.S.C. § 2409a(g), one of several provisions of the QTA establishing a statute of limitations, is "a nonjurisdictional claims-processing rule."⁴ The Ninth Circuit Court of Appeals recently recognized that this case overrules Circuit precedent treating a failure to bring a claim within the QTA's limitations period as stripping a court of jurisdiction to consider the claim.⁵ In light of these rulings, the Court requests supplemental briefing on the impact of these cases on the instant case and the United States' motion at Docket 20. In particular, the Court requests briefing on:

- Whether *Wilkins* and *In re United States* apply to the QTA provision at issue in this case, 28 U.S.C. § 2409a(i) and, if so,
- Whether the limitations period in 28 U.S.C. § 2409a(i) can be subject to equitable tolling given the Supreme Court's decision in *United States v. Beggerly*, 524 U.S. 38 (1998).

---

³ *See Skranak v. Castenada*, 425 F.3d 1213, 1216 (9th Cir. 2005) ("Such bar is jurisdictional. The Quiet Title Act is a waiver of sovereign immunity. If the statute of limitations has run on a waiver of sovereign immunity, federal courts lack jurisdiction." (first citing *Block v. North Dakota ex rel. Bd. of Univ. and Sch. Lands*, 461 U.S. 273, 292 (1983); and then citing *Adams v. United States*, 255 F.3d 787, 796 (9th Cir. 2001))).

⁴ *Wilkins v. United States*, 143 S. Ct. 870, 875 (2023).

⁵ *In re United States*, No. 21-56358, 2023 WL 3331051, at *3 (9th Cir. May 10, 2023) (citing *Wilkins*, 143 S. Ct. at 877, 881).

Case No. 3:22-cv-00103-SLG, *Alaska v. United States*
Request for Supplemental Briefing
Page 2 of 3
Case 3:22-cv-00103-SLG   Document 28   Filed 05/15/23   Page 2 of 3

Within **14 days** of the date of this order, each party may submit briefing on these topics.

DATED this 15th day of May, 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:22-cv-00103-SLG, *Alaska v. United States*
Request for Supplemental Briefing
Page 3 of 3
Case 3:22-cv-00103-SLG   Document 28   Filed 05/15/23   Page 3 of 3